IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

UNITED STATES OF AMERICA                                    RESPONDENT

v.                               No. 1:13-cr-10021
                                 No. 1:15-cv-01036

ROBERT LEE BENNETT                                              MOVANT

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is the Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 filed *pro se* by Robert Lee Bennett ("Bennett"), an inmate confined at the Yazoo City Medium Federal Correctional Institution in Yazoo City, Mississippi.

The Motion was referred for findings of fact, conclusions of law, and recommendations for the disposition of the case. The United States of America (hereinafter referred to as the "Government") has responded to the Motion. ECF No. 69. The Court has considered the entire record, and this matter is ready for decision. For the reasons stated below, the Court recommends the Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (ECF No. 65) be **DENIED**.

1.    **Background**:

On September 18, 2013, Bennett was named in Count 1 of a two (2) count Indictment filed in the United States District Court for the Western District of Arkansas. ECF No. 1. Count 1 alleged "[o]n or about July 16, 2013, in the Western District of Arkansas, El Dorado Division, the defendants, CHARLES BRANDON GRAY, aka 'BG' and ROBERT LEE BENNETT, aka 'Big Rob,' aiding and abetting each other, did knowingly distribute a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in violation of Title 21

U.S.C. § 841(a)(1) and 18 U.S.C. § 2."

On October 11, 2013, Bennett appeared for an arraignment before the undersigned. ECF No. 12. At this arraignment, Bennett appeared with retained counsel, James Bruce Bennett. *Id.* Bennett entered a plea of not guilty to Count 1 of the Indictment. *Id.* Subsequently, the Honorable U.S. District Judge Susan O. Hickey set a jury trial in Bennett's case for November 25, 2013. ECF No. 16. On November 13, 2013, Judge Hickey continued Bennett's jury trial until March 25, 2014 and later continued his trial until June 2, 2014. ECF Nos. 25, 29.

On June 3, 2014, Bennett appeared with counsel James Bruce Bennett and entered a plea of guilty to Count 1 of the Indictment. ECF No. 33. On the same day, Bennett and the Government submitted a Plea Agreement to the Court. ECF No. 34. As a part of this Plea Agreement, Bennett also admitted to the following facts:

> On July 16, 2013 a confidential informant (CI) made contact with Robert Bennett who indicated that he knew source of supply who could obtain large quantities of methamphetamine for sale. Bennett informed the CI that the source of supply could provide one pound of methamphetamine for $12,500 to $13,000 for the CI to buy. Bennett gave the CI his cell phone number and said he would introduce the CI to the source of supply. The CI contacted Bennett later on July 16, 2013 to arrange the purchase of two ounces of methamphetamine the source of supply as a sample. Bennett informed the CI that the source of supply was "BG", subsequently identified by investigators as Charles Brandon Gray. Bennett instructed the CI to come to Bennett's residence in El Dorado, Arkansas to pick up the methamphetamine. The CI was equipped with audio/video recording equipment and provided with $2,600 in law enforcement buy funds. The CI traveled to Bennett's residence and made contact with Bennett and Gray. The CI retrieved a bag containing methamphetamine from Bennett's residence in exchange for $2600. The CI then discussed the purchase of additional quantities of methamphetamine with Gray. The substance subsequently tested positive at the Arkansas State Crime Laboratory for 56,1306 grams of methamphetamine.

*Id.* ¶ 2.

As a part of the Plea Agreement, Bennett agreed to "immediately forfeit to the United States all of his right, title, and interest to the following: <u>Personal Property:</u> a. 2003 Cadillac Escalade,

-2-

bearing VIN: 3GYGK66N63G297554." *Id.* ¶ 3. Bennett also agreed that the "most readily provable

amount of drugs" for which he should be held accountable was at least 50 grams but not more than

150 grams of actual methamphetamine. *Id.* ¶ 12.

As a part of this Plea Agreement, Bennett acknowledged he had been advised of the

maximum penalties for Count 1 and agreed he faced a maximum term of imprisonment of twenty

(20) years, a maximum fine of $1,000,000, both imprisonment and a fine, a term of supervised

release to begin after his release from prison, the possibility of going back to prison if he violated

the conditions of his supervised release, and a special assessment of $100.00. ECF No. 34 ¶ 14.

Bennett also waived his appellate and post-conviction remedies as a part of this Plea Agreement.

*Id.* ¶ 9. This included his right to directly appeal and the right to collaterally attack the conviction

and sentence pursuant to 28 U.S.C. § 2255 "except for claims based on Ineffective assistance of

counsel or prosecutorial misconduct." *Id.*

Bennett made the following representations in the Plea Agreement: "By signing this plea

agreement, the defendant acknowledges that: a. The defendant has read this agreement and carefully

reviewed every part of it with defense counsel. b. The defendant fully understands this plea

agreement and is not under the influence of anything that could impede the defendant's ability to

fully understand this plea agreement. c. No promises, agreements, understandings, or conditions

have been made or entered into in connection with the decision to plead guilty except those set forth

in this plea agreement. d. The defendant is satisfied with the legal services provided by defense

counsel in connection with this plea agreement and matters related to it. e. The defendant has

entered into this plea agreement freely, voluntarily, and without reservation and the defendant's

desire to enter a plea of guilty is not the result of threats or coercion directed at the defendant or

anyone connected with the defendant." ECF No. 24 ¶ 37.

After the change of plea hearing, the U.S. Probation Office prepared a Pre-sentence Investigation Report ("PSR") at Judge Hickey's direction. ECF No. 55. The PSR found Bennett's base offense level to be 32 pursuant to U.S.S.G. § 2D1.1(c)(4). *Id.* ¶ 26. Bennett received a 2 level enhancement pursuant to U.S.S.G. § 2D1.1(b)(1) because he possessed a firearm. *Id.* ¶ 27. Bennett received a 2 level enhancement pursuant to U.S.S.G. § 2D1.1(b)(12) because he "maintained a premises for the purpose of manufacturing or distributing a controlled substance." *Id.* ¶ 28. Bennett received a 3 level reduction for acceptance of responsibility. *Id.* ¶¶ 34-35. This resulted in an offense level of 33. *Id.* ¶ 32. The PSR found Bennett had a criminal history score of 12 which established a criminal history category of V. *Id.* ¶ 87. This resulted in a U.S.S.G. range of 210 to 240 months, a term of supervised release of at least three years, and a maximum fine of $1,000,000.00. *Id.* ¶¶ 133-141.

On December 2, 2014, Bennett appeared before Judge Hickey for sentencing. ECF No. 60. At sentencing, Judge Hickey sentenced Bennett to 77 months in the Bureau of Prisons with credit for time served in federal custody, three years of supervised release, and a special assessment of $100.00. *Id.* In the Statement of Reasons, Judge Hickey found the total offense level to actually be 25 with a criminal history category of V. ECF No. 62. Judge Hickey found the U.S.S.G. range to be 100 to 125 months (before a departure). *Id.* Judge Hickey then departed below the applicable U.S.S.G. range to 77 months based upon a 5K1.1 plea agreement and Bennett's "substantial assistance." *Id.* Bennett did not appeal this sentence. Thereafter, on January 16, 2015, Judge Hickey entered a final order of forfeiture, and the 2003 Cadillac Escalade, VIN # 3GYGK66N63G297554, was forfeited to the United States. ECF No. 63.

**2.    Instant Motion**:

On May 19, 2015, Bennett timely filed a *pro se* Motion to Vacate, Set Aside, or Correct

-4-

Sentence under 28 U.S.C. § 2255.  ECF No. 65.  The Court directed a response, and the Government filed its Response on July 27, 2015.  ECF No. 69.  In this Motion, Bennett raises the following six issues:

1.    Ineffective assistance of counsel because his counsel failed to file his requested notice of appeal;

2.    An evidentiary hearing is required to address his claim "that his counsel failed to file the requested NOA [Notice of Appeal]";

3.    Ineffective assistance of counsel because his counsel failed to object to the "blatantly illegal forfeiture" of his vehicles[1];

4.    The Government lacked a sufficient legal basis to forfeit these vehicles; and because these vehicles were forfeited, Bennett's Fifth Amendment right to Due Process was violated;

5.    Ineffective assistance of counsel because his counsel was deficient and he was prejudiced because his counsel failed to object to his sentence "on the basis that it failed to comply with the parsimony provision of 18 U.S.C. § 3553(a)"; and

6.    Ineffective assistance of counsel because his counsel failed to obtain a U.S.S.G. § 5K1.1 reduction on his behalf.

ECF No. 65.  This matter is now ready for decision.

**3.    <u>Discussion</u>**:

Bennett requests relief under 28 U.S.C. § 2255.  ECF No. 65.  A § 2255 motion is fundamentally different from a direct appeal.  "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and, if uncorrected, would result in a complete miscarriage of justice." *United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996).  As noted above, Bennett requests relief based upon his six arguments listed above.  The Government has responded to each of these claims.

---

[1] Bennett references "vehicles," but it appears there was actually only one "vehicle," the Cadillac Escalade.

ECF No. 69.  The Court will address each of these specific issues.

However, as an initial matter and in considering these arguments, the Court notes in order to prevail on an ineffective assistance of counsel claim, a movant must show: (1) his "trial counsel's performance was so deficient as to fall below an objective standard of reasonable competence", and (2) "the deficient performance prejudiced [his] defense." *See Toledo v. United States*, 581 F.3d 678, 680 (8th Cir. 2009) (*quoting Nave v. Delo*, 62 F.3d 1024, 1035 (8th Cir.1995)).  When considering the first element, there is a "strong presumption that counsel's conduct falls within the wide range of professionally reasonable assistance and sound trial strategy."  *Toledo*, 581 F.3d at 680 (*quoting Garrett v. United States*, 78 F.3d 1296, 1301 (8th Cir.1996) (*citing Strickland v. Washington*, 466 U.S. 668, 689 (1984)).  "The burden of proving ineffective assistance of counsel rests with the defendant."  *United States v. White*, 341 F.3d 673, 678 (8th Cir. 2003)(*citing United States v Cronic*, 466 U.S. 648, 658 (1984)).

Under the first prong of the *Strickland* test, the Court considers counsel's performance objectively and gauges whether it was reasonable "under prevailing professional norms" and "considering all the circumstances."  *Fields v. United States*, 201 F.3d 1025, 1027 (8th Cir. 2000)(citations omitted).  The Court should examine counsel's challenged conduct at the time of his representation of the defendant and avoid making judgments based on hindsight.  *See id.*  There is typically no basis for finding a denial of effective counsel unless a defendant can show specific errors that "undermined the reliability of the finding of guilt. . . ."  *White,* 314 F.3d at 678.   If, however, "counsel completely fails to subject the prosecution's case to meaningful adversarial testing, there has been a denial of Sixth Amendment rights making the adversary process presumptively unreliable [and no showing of prejudice is required]."  *See id.*

If the Court finds deficient counsel and thus must consider the second prong, prejudice, a

defendant must establish "but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.  Prejudice can only be found if, "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Maynard v. Lockhart*, 981 F.2d 981, 986 (8th Cir. 1992).

### A.    Ineffective Assistance: Request for an Appeal

Bennett claims his counsel was ineffective because he failed to appeal his conviction.  ECF No. 66 at 5-8.  Bennett claims he specifically directed his counsel to appeal his conviction.  *Id.* Despite this specific request, Bennett claims his counsel failed to file an appeal.  *Id.*  Bennett claims this was ineffective assistance of counsel.  *Id.*

For Bennett's claim to succeed, he must show that he instructed his counsel to file an appeal. *See Holloway v. United States,* 960 F.2d 1348, 1357 (8th Cir. 1992).  Further, a bare claim or a "single, self-serving, self-contradicting statement" is insufficient to make this required showing.  *Id.* In this case, for the following three reasons, the Court finds Bennett has not supplied sufficient evidence to demonstrate he directed his attorney to file an appeal.

First, his trial counsel's testimony directly contradicts Bennett's claim that he directed his trial counsel to appeal his conviction.  *See* ECF No. 69-1.  In an affidavit, Bennett's trial counsel stated, "Robert did not ask me to file an appeal for him.  He wrote me as late as February 2015, it was all about the vehicles, not a thing about an appeal."  *Id.*  Second, in the Plea Agreement which Bennett signed, Bennett waived his right to appeal.  *See* ECF No. 34.  Under a separate paragraph header entitled "**WAIVER OF APPELLATE AND POST-CONVICTION RIGHTS**," Bennett expressly waived all appellate and post-conviction rights.  *Id.* ¶ 9a.  Such an agreement certainly contradicts his current claim that he requested an appeal be filed or desired to appeal his conviction.

-7-

Third, Bennett's conduct after sentencing does not support his claim that he had any interest in appealing his case.  On November 21, 2014, at his sentencing, Bennett was advised of his appellate rights.  *See* ECF No. 60.  Despite this admonition, Bennett took no action in this case–and has provided no evidence demonstrating he took any action in this case–until April of the next year.  *See* ECF No. 64.  Even then, his motion related to the return of his *property,* not to any request for an appeal.  For these three reasons, the Court finds Bennett has not supplied sufficient evidence demonstrating he directed his counsel to appeal his conviction.  In fact, this evidence directly contradicts his claim.  Thus, the Court finds no support for his claim that his counsel was deficient for failing to appeal Bennett's conviction.

### B.    Evidentiary Hearing: Notice of Appeal

Bennett claims he is entitled to an evidentiary hearing to consider whether his trial counsel was directed to appeal his conviction but failed to do so.  ECF No. 66 at 8-10.  Bennett claims he is entitled to such a hearing because the Government cannot affirmatively refute that he *did not* request an appeal be filed.  *Id.*

Upon review of this claim, however, the Court finds no reason to hold an evidentiary hearing on this issue.  For an ineffective assistance of counsel claim to succeed on this basis, the petitioner must clearly establish that he instructed counsel to file the notice of appeal.  *See Yodprasit v. United States,* 294 F.3d 966, 969 (8th Cir. 2002).  A "bare assertion" is not sufficient.  *Id.*  In this case, Bennett provides no more than a "bare assertion," and the evidence in the record (as outlined above) actually *refutes* his claim.  Thus, based upon the record before the Court, there is no basis for an evidentiary hearing.  *See Shaw v. United States,* 24 F.3d 1040, 1043 (8th Cir. 1994) (recognizing no evidentiary hearing is required where the "claim is inadequate on its face or if the record affirmatively refutes the factual allegations upon which it is based").

-8-

**C.     Ineffective Assistance of Counsel and Due Process Violation: Forfeiture**

Bennett raises two claims with this argument.  ECF No. 66 at 10-16.  First, he claims his counsel was ineffective because he failed to challenge the forfeiture of his vehicles.  *Id.*  Second, he claims his due process rights were violated because his vehicles were forfeited and sold by the Government.  *Id.*

Upon review of these claims, the Court finds neither of these claims (though couched in different terms) are cognizable under 28 U.S.C. § 2255.  Notably, forfeiture orders, fines, and restitution may not be raised in a Section 2255 action: "We believe the plain and unambiguous language of the statute - [a] prisoner in custody . . . claiming the right to be released - precludes a restitution challenge."  *United States v. Bernard,* 351 F.3d 360, 361 (8th Cir. 2003) (internal citations omitted).  Thus, clearly any claim as to his due process rights with this forfeiture is barred, and an ineffective assistance of counsel claim on this issue is also barred.  Indeed, even assuming Bennett's counsel was ineffective in failing to object to this forfeiture, Bennett still cannot prove the alleged ineffectiveness prejudiced him such that he is entitled to Section 2255 relief because he still only lost *property,* not his freedom as a result of this alleged ineffective counsel.  Thus, the Court finds Bennett is not entitled to relief on either claim relating to the forfeiture.

**D.     Ineffective Assistance of Counsel: Sentence of Co-Defendant**

Bennett claims his trial counsel was ineffective for failing to object that his sentence was "seventeen [17] months longer than the actual Perpetrator."  ECF No. 66 at 17.

Upon review of this claim, however, the Court finds Bennett's claim that his counsel did not object to the sentencing disparity between himself and the "actual Perpetrator" is without merit.  In his counsel's "Defendant's Sentencing Memorandum," trial counsel for Bennett argued this *exact point* when he requested a downward departure:

> Robert Bennett, by and through his attorney . . . and does hereby respectfully move this Court as to the following: to grant a departure and/or variance from the advisory guideline range and sentence Mr. Bennett to a term of not more than 60 months. This is appropriate for the reasons set forth in our Objections to the PSR, and *in light of the fact that co-defendant Charles Brandon Gray was sentenced herein to 60 months. Mr. Gray was the actual supplier here, Mr. Bennett, to his eternal regret, simply introduced Gray and the CI. . . .*

ECF No. 66 at 1 (emphasis added). Clearly, his counsel cannot be ineffective for actually *doing* what Bennett claims he did not do. Thus, the Court finds no basis for Section 2255 relief on this issue.

### E.    Ineffective Assistance of Counsel: § 5K1.1 Reduction

Bennett claims his counsel was ineffective because he failed to purse a § 5K1.1 reduction or meet with prosecutors to consider such a reduction. ECF No. 66 at 18-20.

The record, however, flatly contradicts Bennett's claim on this issue. Indeed, in her Statement of Reasons, Judge Hickey noted that the applicable imprisonment range for Bennett was 100 to 125. ECF No. 62. Judge Hickey, however, found a downward departure was appropriate because of a *"5K1.1 plea agreement based on the defendant's substantial assistance,"* and Bennett's sentenced was reduced *33 months* or nearly three years below the recommended range. *Id.* Thus, not only did his attorney attempt to negotiate a § 5K1.1 reduction, he actually secured a § 5K1.1 reduction. Thus, the Court finds no basis for Section 2255 relief on this issue.

### 4.    Evidentiary Hearing:

Based on the record in this case, I also conclude an evidentiary hearing is not required in this matter. Bennett is clearly not entitled to the relief he seeks.[2] Further, I find Bennett has not made

---

[2]*See Buster v. United States*, 447 F.3d 1130, 1132 (8th Cir.2006) (holding that a § 2255 motion can be dismissed without a hearing if (1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact).

a substantial showing of the denial of a constitutional right, and any request for a certificate of appealability should be denied as well.

**5.**     **Recommendation**:

Accordingly, based on the foregoing, it is recommended the instant motion be **DENIED** and dismissed with prejudice.  Pursuant to 28 U.S.C. § 1915(a), I recommend the finding that an appeal from dismissal would not be taken in good faith.

**The Parties have fourteen (14) days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The Parties are reminded that objections must be both timely and specific to trigger** *de novo* **review by the district court.**

**DATED** this **21st day of April 2016.**

  /s/ Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE